41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES ex rel. Glenn A. HALL, Michael A. Mapes, and
Fred Tribble, Plaintiffs-Appellants,
v.
INDIAN COUNTRY LEASING COMPANY and Interstate Gaming
Services, Inc., Defendants-Appellees.
 Nos. 93-3198 to 93-3204.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 16, 1994.
Decided Oct. 6, 1994.
 
 1
 Before POSNER, Chief Circuit Judge, EASTERBROOK, Circuit Judge, and GORDON, District Judge*.
 
 ORDER
 
 2
 This is an appeal from a judgment by the district court dismissing suits to void contracts with Indian tribes. Among the grounds urged for dismissing the suits was that the plaintiffs had failed to join the tribes as parties, the tribes were indispensable parties under Fed.R.Civ.P. 19, and therefore the suit could not proceed in their absence. The district court dismissed the suits but on other grounds, without reaching the Rule 19 issue. The plaintiffs had brought an identical suit against the identical parties in a federal district court in the Eighth Circuit. That court dismissed the suit on the same Rule 19 ground urged in the present case.
 
 
 3
 While the appeal the present case was pending, the Eighth Circuit affirmed the dismissal of the parallel suit, expressly finding that the tribes were indeed indispensable parties. United States ex rel. Hall v. Creative Games Technology, Inc., Nos. 93-2903MN, 93-3089MN (8th Cir. July 5, 1994). When notified of that decision, we removed this appeal from the argument calendar and issued to the appellants a rule to show cause why the judgment of the district court should not be affirmed on the ground (urged by the appellees in their brief) of res judicata or collateral estoppel. The appellants responded, and the appellees replied. On the basis of these submissions it is plain that the judgment must be affirmed. Although the judgment in the Eighth Circuit was not a judgment on the merits, but merely a judgment that the suit could not be maintained because of the failure to join indispensable parties, such a judgment operates as res judicata when the plaintiffs do nothing in their other suit (this suit) to cure the defect that led to the dismissal. Magnus Electronics, Inc. v. La Republica Argentina, 830 F.2d 1396, 1400-03 (7th Cir.1987). Otherwise, a suit dismissed for want of jurisdiction could be refiled interminably even though the plaintiff had done nothing to rectify the defect that had resulted in the original dismissal.
 
 
 4
 We can affirm the district court on any ground preserved by the appellees, so the fact that the district court did not reach the Rule 19 ground is not critical. The rule to show cause gave the appellants an opportunity to take steps to cure the defect that consists in their failure to have joined the tribes, but they have neither taken any such steps nor indicated any desire or willingness to do so.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Hon. Myron L. Gordon of the Eastern District of Wisconsin, sitting by designation